**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 30 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| SI JIE LIU, | No. 12-73345 |
| Petitioner, | Agency No. A073-399-750 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 22, 2014**

Before:    GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

Si Jie Liu, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' ("BIA") order denying her motion to reopen proceedings.

We have jurisdiction under 8 U.S.C. § 1252.  We review for abuse of discretion the

BIA's denial of a motion to reopen, and de novo claims of ineffective assistance of

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

counsel.  *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005).  We deny the petition for review.

The BIA did not abuse its discretion in denying Liu's motion to reopen based on ineffective assistance of counsel, where Liu claimed in her motion that she had been forced to have an abortion in China, but she testified at her merits hearing that she did not have a forced abortion.  *See Azanor v. Ashcroft*, 364 F.3d 1013, 1023 (9th Cir. 2004) (requiring prejudice to succeed in claim of ineffective assistance of counsel).

The BIA also did not abuse its discretion in denying Liu's untimely motion to reopen because the motion was filed more than thirteen years after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and the BIA reasonably determined that Liu did not qualify for the changed circumstances exception to the time limit because she failed to demonstrate that any alleged change in China's family planning policy or practice was material to her claim, *see* 8 C.F.R. § 1003.2(c)(3)(ii) (evidence must be material); *Almaraz v. Holder*, 608 F.3d 638, 641 (9th Cir. 2010) (petitioner failed to show that change was material to his claim).

**PETITION FOR REVIEW DENIED.**